Filed 10/10/24  P. v. Crosby CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MARK SHANNON CROSBY,<br><br>    Defendant and Appellant. | A170778<br><br>(Solano County<br>Super. Ct. No. VCR224048) |

In January 2017, a jury found that defendant Mark Shannon Crosby fired a gun from his car into a crowd, injuring two people.  Victim A.R. was shot twice in her leg.

In a prior opinion, this court affirmed the following of Crosby's convictions for which A.R. was the victim:  attempted manslaughter (Pen. Code,[1] §§ 664,192), assault with a semiautomatic firearm (§ 245, subd. (b)), and willful discharge of a firearm at a person from a vehicle (§ 26100, subd. (c)), each with various firearm enhancements (§§ 12022.5, 12022.53,

---

[1] All undesignated statutory references are to the Penal Code.

subd. (d), 12022.55).[2] (*People v. Crosby* (Dec. 30, 2019, A151328) [nonpub. opn.].)

At a restitution hearing in May 2024, the prosecution introduced certified records of the California Victims' Compensation Board (CVCB), including individual payment receipts, showing that the CVCB paid the victim a total of $63,000 over a period of four and one-half years for lost income. After defense counsel submitted the matter without objection, Crosby was ordered to pay $63,000 in victim restitution for A.R.'s lost income, payable to the CVCB.

Crosby's counsel asked this court for an independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) to determine if any arguable issues exist. Counsel informed Crosby of his right to file a supplemental brief and Crosby has not done so. Insofar as a restitution order is a postjudgment order (*People v. Akins* (2005) 128 Cal.App.4th 1376, 1381, fn. 3), the *Wende* procedure arguably does not apply. (See *People v. Delgadillo* (2022) 14 Cal.5th 216, 221 [*Wende* procedure applies "to the first appeal as of right and is compelled by the constitutional right to counsel under the Fourteenth Amendment of the United States Constitution"]; *People v. Serrano* (2012) 211 Cal.App.4th 496, 503 [criminal defendant afforded *Wende*

_____

[2] This court also upheld Crosby's convictions on the same charges with regard to the second victim, but reversed his additional convictions as to both victims on two counts of willful discharge of a firearm from a vehicle (§ 26100, subd. (d)) and remanded the matter for resentencing due to changes in the law regarding firearm enhancements. (*People v. Crosby* (Dec. 30, 2019, A151328) [nonpub. opn.].)

2

review only in "first appeal of right" from conviction].)

Nonetheless, in our discretion, we have examined the entire record and determined no arguable issues exist.

"Restitution is constitutionally and statutorily mandated in California." (*People v. Keichler* (2005) 129 Cal.App.4th 1039, 1045.) We review a restitution order under the abuse of discretion standard and will affirm the order if there is a factual and rational basis for the amount of restitution ordered by the trial court. (*Ibid.*)

The CVCB records submitted by the People gave rise to rebuttable presumption that the restitution order was proper. (§ 1202.4, subd. (f)(4)(A) [amount of assistance provided by the CVCB "shall be presumed to be a direct result of the defendant's criminal conduct and shall be included in the amount of the restitution ordered"]; subd. (f)(4)(B) [amount paid by the Board to a crime victim "shall be established by copies of bills submitted to the California Victim Compensation Board reflecting the amount paid by the board and whether the services for which payment was made were for . . .wage . . . losses"]; and subd. (f)(4)(C) ["If the defendant offers evidence to rebut the presumption established by this paragraph, the court may release additional information contained in the records of the board to the defendant only after reviewing that information in camera and finding that the information is necessary for the defendant to dispute the amount of the restitution order"].)

At the hearing, after the order was made, Crosby asked the court, "How's it so much? And how am I going to be able to pay

3

that 63,000?" To the extent that his comments can be understood as asserting an inability to pay, we note that section 1202.4, subdivision (g), provides that a "defendant's inability to pay shall not be a consideration in determining the amount of a [victim] restitution order." (See also *People v. Evans* (2019) 39 Cal.App.5th 771, 777 ["a defendant's ability to pay victim restitution is not a proper factor to consider in setting a restitution award"].)

Crosby's question—"How's it so much?"—is not evidence rebutting the presumption that the amount was incurred as a direct result of his criminal conduct. (§ 1202.4, subd. (f)(4)(C); *People v. Kelly* (2020) 59 Cal.App.5th 1172, 1185 [at the restitution hearing, it is the defendant's burden to prove " 'that the amount claimed is excessive' "].) And he has not filed a brief on appeal challenging the sufficiency of People's showing in support of the restitution order. Accordingly, we affirm the restitution order.

## DISPOSITION

The restitution order is affirmed.

GOLDMAN, J.

WE CONCUR:

BROWN, P. J.
STREETER, J.

4